This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39372**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**RUBEN B.,**

 Respondent-Appellant,

and

**ERIKA J.,**

 Respondent,

**In the Matter of ANTHIAGO B.,**

 Child.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Erinna M. Atkins

Alamogordo, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Respondent Ruben B. (Father) appeals from the district court's judgment terminating his parental rights to Anthiago B. (Child). This Court issued a notice of proposed disposition, proposing to affirm. Father filed a memorandum in opposition and motion to file an amended docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}** In this Court's calendar notice, we proposed to conclude that there was sufficient evidence to support the district court's termination of Father's parental rights. [CN 11] We proposed that the district court appeared to have considered all of the evidence presented regarding whether the causes and conditions that led to Child being brought into the custody of the Children, Youth and Families Department (CYFD) were unlikely to change in the foreseeable future, despite Father's assertions that he complied with most of his treatment plan to the satisfaction of CYFD. [CN 9-11] We noted that it appeared that "CYFD's foremost concern in filing for termination of his parental rights was Father's continuing struggle with substance abuse." [CN 9] However, it also appeared that CYFD presented evidence that Father failed to successfully complete other aspects of his treatment plan; in other words, it did not appear that the district court solely considered Father's substance abuse in terminating his parental rights. [CN 9-10] In sum, we proposed to conclude that there was clear and convincing evidence that the causes and conditions of neglect were unlikely to change in the foreseeable future and that termination of Father's parental rights was in Child's best interests. [CN 11]

**{3}** Now, Father has filed a memorandum in opposition and a motion to file an amended docketing statement. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t]he Court may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition"). Father asserts two issues. First, Father maintains that the district court lacked sufficient evidence to terminate his parental rights because CYFD did not make reasonable efforts to allow Father to attend inpatient treatment. [MIO 5] Second, Father asserts that CYFD failed to make reasonable efforts because it did not adequately investigate the possibility of an available kinship placement for Child with the paternal grandparents. [MIO 5]

**{4}** For this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria to establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-

NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. These criteria are that (1) the motion is timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. For the reasons discussed below, we conclude that Father's arguments are not viable. We address them in turn.

**{5}** First, Father maintains that the district court lacked sufficient evidence to terminate his parental rights because CYFD "did not make reasonable efforts to allow Father to attend inpatient treatment." [MIO 10] Father claims that "[a]t the time of the termination hearing, Father had just attended an inpatient treatment program and should have been given more time to address substance abuse issues to ensure reunification with Child." [MIO 9] Father argues that "[w]hen Father was finally able to enroll in an inpatient program in August 2020, [CYFD] did not give[] him a meaningful opportunity to engage in treatment." [MIO 13]

**{6}** In our calendar notice, we addressed Father's general argument as to the sufficiency of the evidence supporting the termination. [CN 11] Based on our review of the record proper and the amended judgment eventually entered by the district court, we suggested that the district court made a thorough review of all the evidence on the matter of termination. [AJ] We suggested that the evidence demonstrates that Father failed to make sufficient progress in complying with his treatment plan. To the extent that Father now emphasizes in his sufficiency argument that he was given inadequate time to work a treatment plan because of his alleged "longstanding substance abuse issues," we are unpersuaded. [MIO 14]

**{7}** This Court is limited in its review of the district court's decision, and must "resolve[] all disputes of facts in favor of the successful party and indulge[] all reasonable inferences in support of the prevailing party." *State ex rel. Child., Youth & Families Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 27, 149 N.M. 472, 251 P.3d 729 (internal quotation marks and citation omitted), *superseded by statute on other grounds as stated in State ex rel. Child., Youth & Families Dep't v. Tanisha G.*, 2019-NMCA-067, ¶ 11, 451 P.3d 86. We further observe that "[b]ecause it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely." *State ex rel. Child., Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266. In terms of CYFD's efforts to assist a parent, "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Child., Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. On appeal, "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *Id.* ¶ 28. "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and recalcitrance of the problems that render the parent unable to provide adequate parenting." *Id.* ¶ 23.

**{8}** Based upon our review of the record proper, as reflected in our calendar notice, it appears that the district court heard evidence that CYFD did recommend inpatient treatment for Father more than once. For example, an in-home service provider from Families and Youth Inc. (FYI) testified that the provider gave Father information about Turquoise Lodge, an inpatient substance abuse treatment center, but Father did not contact the treatment facility. [AJ 4-5; CN 5-6] A permanency planning worker testified that he discussed substance abuse services options with Father and talked with him about the inpatient program at Turquoise Lodge, but Father stated he was addressing his drug issues at PMS counseling. [AJ 5; CN 6] Also, the district court heard testimony from the case manager discharge coordinator for Villa De Esperanza. [AJ 6; CN 8] On August 13, 2020, Father checked into the Villa De Esperanza, a twenty-eight day inpatient substance abuse program. [AJ 6; CN 8] Father checked himself out on August 17, 2020, after less than four days at the program. [AJ 6; CN 8] The coordinator testified that Father's discharge was against the advice of staff. [AJ 6; CN 8] In other words, it appears that inpatient treatment was at the very least presented as an option for Father several times during the pendency of this case.

**{9}** Father has not asserted any new facts, law, or argument that persuade us that the sufficiency analysis in our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Despite Father's invitation to do so, this Court does not reweigh the evidence on appeal. *See State ex rel. Child., Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674. Viewing the evidence in the light most favorable to the district court's determination that CYFD made reasonable efforts under the circumstances, we conclude that the district court did not err in concluding that CYFD satisfied its obligations. [AJ 10]

**{10}** Turning to Father's second argument, that CYFD failed to make reasonable efforts because it did not adequately investigate the possibility of an available kinship placement for Child with the paternal grandparents, we conclude that this issue is nonviable. *See Moore*, 1989-NMCA-073, ¶ 42. Father argues that CYFD did not make reasonable efforts to place Child with next-of-kin. [MIO 16] Father claims that the "[r]ecord [p]roper does not establish diligent efforts to investigate the home of the paternal grandparents who were ready, willing, and able to take custody of Child." [MIO 16] Father states that his "other children lived with grandparents, and [CYFD] expressed no safety concerns about this relationship." [MIO 16] Further, Father argues that by denying this placement, CYFD "unreasonably denied Child an opportunity to have a relationship with his siblings[,]" who lived with the paternal grandparents. [MIO 16] According to Father, CYFD's failure to give preference to this next-of-kin placement was

not in Child's best interest, and was in violation of its obligations under NMSA 1978, Section 32A-4-18(E) (2016, amended 2020), which requires in part:

> When the department determines that the home of an adult relative of the child meets all relevant child protection and licensing standards and placement in the home would be in the best interest of the child, the department shall give a preference to placement of the child in that home. The department shall make reasonable efforts to conduct home studies on appropriate relatives who express an interest in providing placement for the child.

[MIO 16-17]

**{11}** As an initial matter, we do not agree that the record proper supports Father's characterizations of CYFD's efforts to conduct home studies on appropriate relatives, including Child's paternal grandparents. Based on our review of the record proper, it reflects that CYFD did conduct an investigation, but Child's paternal grandparents did not necessarily meet all the required relevant child protection and licensing standards. [RP 11, 16, 44, 66, 101, 105, 138, 151]

**{12}** Nonetheless, Father's appellate argument is nonviable because a failure by CYFD to consider an adult relative as a placement does not provide a basis for overturning the termination of a parent's parental rights. *See State ex rel. Child., Youth & Families Dep't v. Laura J.*, 2013-NMCA-057, ¶ 56, 301 P.3d 860 (providing that where the termination of a mother's parental rights was supported by clear and convincing evidence, CYFD's failure to investigate a particular relative for placement did not provide a basis for overturning the termination of parental rights).

**{13}** As indicated in our calendar notice and our above discussion, the termination of Father's parental rights was supported by sufficient evidence of a clear and convincing nature. [AJ] We are not persuaded that the facts that bore upon the district court's decision to terminate Father's parental rights would have been any different had CYFD made further efforts to investigate placement of Child with his paternal grandparents, or any other relative. Father has not presented any persuasive argument or authority to show that CYFD's alleged failures to consider relative placement require reversal of the order terminating Father's parental rights. *Id.* ¶ 57. Accordingly, we deny Father's motion to amend the docketing statement to add this nonviable issue. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{14}** For the reasons stated above and in this Court's notice of proposed disposition, the district court's order terminating Father's parental rights is affirmed.

**{15} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**